Next, our last member on our calendar is Daniel Hart versus the city of New York. Daniel Hart is pro se. He has five minutes. The city of New York is submitting. Okay, thank you, Your Honor. Good morning. May it please the court, my name is Daniel Hart, the pro se plaintiff. I'm not gonna be able to argue the law like my predecessors, but I can argue the truth. I hope to persuade the court of what I think of the relevant issues to be presented, which appear to be two major arguments. One, are the events in the appellate record a singular or multiple conspiracy? And two, the lower court's alleged misconduct, error, and abuse of discretion. For the sake of brevity, because I only have five minutes, if the court pleases, it can choose to hear on either of those issues. Just proceed in the way that you de-invest. Okay, thank you very much, Your Honor. Um, under the events, the appellate record, and a singular or multiple conspiracy, plaintiff's argument was based on a civil conspiracy events within the statute of limitations, and documented the state of New Jersey v. Daniel Hart background evidence in order to provide evidence of motive, excuse me, the existence of state secret. The NYPD's retaliatory acts cover up and joint act of conspiracy is silenced. But the plaintiff can argue either way the court directs. There are three points to this. A, the lower court ruled plaintiff failed to state a federally derived chain link conspiracy claim, but omitted material evidence. B, the plaintiff alleged conspiracy denied procedural due process and excess force retaliation for speaking out in a cover up plan. And C, plaintiff's abrogacy has provided documentation of a prima facie, after the fact, joint act of conspiracy to be silent claim. There are important legal issues at stake in the state of New Jersey, Daniel Hart. The right of privacy and the legal detention of a US citizen not connected to terrorism, using the unacknowledged existence of state secret privilege, and the important legal principles at stake in the people of E. Hart. The need for public confidence in the courts due to the exceptionally serious police misconduct by the NYPD. Again, time is brief. In the sec, part two, the low court's alleged misconduct or abuse and discretion, plaintiff argues four points. A, the low court manufactured never claimed arresting officer Alamante false arrest allegations. And he did so, so the plaintiff couldn't amend. B, the low court improperly employed the review standard, not exercising special solicitude, as argued in Show Movie New York, and not adhering to the three-step plausibility analysis held under Tom Lee Iqbal. C, the low court's ruling was clear error of law. In four improperous cases, not automatically privileged, the judge failed to take notice of obvious facts that are public record, and if he had even called the state of New Jersey, would have found out what I'm saying is true. This is a holding in Nitsky v. Williams. Now D, the low court's own ruling was an abuse. He completed Rule 12.6b with 19. He denied any, and I know that I'm not, you don't necessarily allow that, but he denied my request for an attorney. He denied my appeal. He affected rest of Judica, and he did this all in an effort to shield the state, the government, from having to acknowledge the existence of state secret privilege. I think right there I can stop. I can argue any conspiracy, the object, purpose, motive, essential nature, direct evidence of an express or tacit agreement, elements of intent, elements of knowledge, and elements of concealment. Okay, I think I got it all in. Thank you, thank you, counsel. Thank you, ma'am, your honor. I misspoke when I said the city of New York submitted. Your case was dismissed sui sponte, that is by the judge without any motion from the city, based on frivolousness. I think you've tried to answer all of that, and I think we have your papers. So that will be sufficient argument from you. So I thank you. We'll reserve decision. And because that completes the calendar, I will ask the clerk to adjourn court. Thank you, your honor. Thank you, Mr. Hart. Thank you.